# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> AEROCENTURY CORP., <br><br> Debtor. | Chapter 11 <br><br> Case No. 21-10636 (___) <br><br> Tax ID: 94-3263974 |
| In re: <br><br> JETFLEET HOLDING CORP., <br><br> Debtor. | Chapter 11 <br><br> Case No. 21-10637 (___) <br><br> Tax ID: 94-3195342 |
| In re: <br><br> JETFLEET MANAGEMENT CORP., <br><br> Debtor. | Chapter 11 <br><br> Case No. 21-10638 (___) <br><br> Tax ID: 94-3250929 |

**DEBTORS' MOTION FOR AN ORDER, PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015-1, AUTHORIZING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors")[1] hereby submit this motion (the "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only. In support of this Motion, the Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal employer identification number, are: AeroCentury Corp. (3974); JetFleet Holding Corp. (5342); and JetFleet Management Corp. (0929). The Debtors' mailing address is 1440 Chapin Avenue, Suite 310, Burlingame, CA 94010.

26891423.4

rely upon and incorporate by reference the *Declaration of Harold M. Lyons in Support of Chapter 11 Petitions and First-Day Applications* (the "First Day Declaration"),[2] filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

3. On the date hereof (the "Petition Date"), each of the Debtors commenced a voluntary case (collectively, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in the Chapter 11 Cases, and no request has been made for the appointment of a trustee or examiner.

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

26891423.4

4. Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declaration.

**RELIEF REQUESTED**

5. By this Motion, the Debtors request that the Court enter the Proposed Order authorizing the joint administration of the Chapter 11 Cases and the consolidation thereof for procedural purposes only.

6. Many, if not virtually all, of the motions, applications, hearings, and orders that will arise in the Chapter 11 Cases will jointly affect all of the Debtors. For this reason, the interests of the Debtors, their creditors, and other parties in interest would be best served by the joint administration of the Chapter 11 Cases. In order to optimally and economically administer the Chapter 11 Cases, the Debtors submit that such cases should be jointly administered, for procedural purposes only, under the case number assigned to Debtor AeroCentury Corp.

7. The Debtors also request that the Clerk of the Court maintain one (1) file and one (1) docket for all of the Chapter 11 Cases, which file and docket shall be the file and docket for AeroCentury Corp. In addition, the Debtors propose that the caption of the Chapter 11 Cases be modified as follows:

26891423.4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
: 
In re :
: Chapter 11
AEROCENTURY CORP., *et al.*, :
: Case No. 21-10636 (__)
Debtors.[1] :
: (Jointly Administered)
---------------------------------------------------------x

[1] The Debtors in these chapter 11 cases, along with the last four digits of their federal employer identification number, are: AeroCentury Corp. (3974); JetFleet Holding Corp. (5342); and JetFleet Management Corp. (0929). The Debtors' mailing address is 1440 Chapin Avenue, Suite 310, Burlingame, CA 94010.

8. The Debtors also seek the Court's direction that a notation, substantially similar to the following proposed docket entry, be entered on the docket of each of the Chapter 11 Cases, other than the case of AeroCentury Corp., to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of AeroCentury Corp., JetFleet Holding Corp., and JetFleet Management Corp. Case No. 21-10636 (__) should be consulted for all matters affecting these cases.

**BASIS FOR RELIEF**

9. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration "is warranted and will ease the administrative burden for the Court and the parties." Del. Bankr. L.R. 1015-1. In the Chapter 11 Cases, all of the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the joint administration of the Debtors'

26891423.4

4

respective estates is warranted and will ease the administrative burden on the Court and all parties in interest in the Chapter 11 Cases.

10. Joint administration will also permit the Clerk of the Court to utilize a single docket for all of the Chapter 11 Cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases. Because there will likely be numerous motions, applications, and other pleadings filed in the Chapter 11 Cases that will affect all of the Debtors, joint administration will permit counsel for all parties in interest to include all of the Debtors' cases in a single caption for the numerous documents that are likely to be filed and served in the Chapter 11 Cases. Joint administration will also enable parties in interest in all of the Debtors' cases to stay apprised of all the various matters before the Court.

11. Joint administration will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Joint administration will also significantly reduce the volume of paper that otherwise would be filed with the Clerk of the Court, render the completion of various administrative tasks less costly, and provide for greater efficiencies. Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

12. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, and creditors and, therefore, should be granted.

## NOTICE

13. The Debtors will provide notice of this motion to: (i) the United States Trustee for the District of Delaware; (ii) the holders of the five (5) largest unsecured claims against the Debtors; (iii) counsel to the prepetition lender; (iv) the United States Attorney's Office for the District of Delaware; (v) the Internal Revenue Service; (vi) the United States Securities and

26891423.4

Exchange Commission; and (vii) any party that requests service pursuant to Bankruptcy Rule 2002. Notice of this motion and any order entered hereon will be served in accordance with Local Rule 9013-1(m). In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required or necessary.

*[Remainder of page intentionally left blank]*

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: March 29, 2021
Wilmington, Delaware

*/s/ Joseph M. Mulvihill*
Joseph M. Barry (No. 4221)
Ryan M. Bartley (No. 4985)
Joseph M. Mulvihill (No. 6061)
S. Alexander Faris (No. 6278)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
1000 N. King Street
Rodney Square
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
E-mails:  jbarry@ycst.com
  rbartley@ycst.com
  jmulvihill@ycst.com
  afaris@ycst.com

-and-

Lorenzo Marinuzzi (*pro hac vice* admission pending)
Erica J. Richards (*pro hac vice* admission pending)
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, NY 10019-9601
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
E-mails:  lmarinuzzi@mofo.com
  erichards@mofo.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## **EXHIBIT A**

**Proposed Order**

26891423.4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> AEROCENTURY CORP., <br><br>           Debtor. | Chapter 11 <br><br> Case No. 21-10636 (___) <br><br> Tax ID: 94-3263974 |
| In re: <br><br> JETFLEET HOLDING CORP., <br><br>           Debtor. | Chapter 11 <br><br> Case No. 21-10637 (___) <br><br> Tax ID: 94-3195342 |
| In re: <br><br> JETFLEET MANAGEMENT CORP., <br><br>           Debtor. | Chapter 11 <br><br> Case No. 21-10638 (___) <br><br> Tax ID: 94-3250929 <br><br> **Re: Docket No. ___** |

**ORDER, PURSUANT TO BANKRUPTCY RULE 1015 AND
LOCAL RULE 1015-1, AUTHORIZING THE JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order authorizing the joint administration of the Chapter 11 Cases and the consolidation thereof for procedural purposes only; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

26891423.4

this Court having found that due and sufficient notice of the Motion has been given under the particular circumstances and that no other or further notice of the Motion need be given; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found and determined that the relief requested in the Motion and provided herein is in the best interest of the Debtors, their estates, and creditors; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Chapter 11 Cases shall be consolidated for procedural purposes only and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3. The Clerk of this Court shall maintain one file and one docket for all of the Chapter 11 Cases, which file and docket shall be the file and docket for the chapter 11 case of Debtor AeroCentury Corp., Case No. 21-10636 (___).

4. All pleadings filed in the Chapter 11 Cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------x
                                                      :
In re                                                 :
                                                      :   Chapter 11
AEROCENTURY CORP., et al.,                            :
                                                      :   Case No. 21-10636 (__)
         Debtors.¹                                    :
                                                      :   (Jointly Administered)
------------------------------------------------------x
```

¹ The Debtors in these chapter 11 cases, along with the last four digits of their federal employer identification number, are: AeroCentury Corp. (3974); JetFleet Holding Corp. (5342); and JetFleet Management Corp. (0929). The Debtors' mailing address is 1440 Chapin Avenue, Suite 310, Burlingame, CA 94010.

5.  The foregoing caption shall satisfy the requirements of section 342(c)(1) of the Bankruptcy Code.

6.  All original pleadings shall be captioned as indicated in paragraph 4 and the Clerk of this Court shall make docket entries in the docket of each of the Chapter 11 Cases, other than the chapter 11 case of AeroCentury Corp., substantially as follows:

> An order has been entered in this case directing the consolidation and joint administration for procedural purposes only of the chapter 11 cases of AeroCentury Corp., JetFleet Holding Corp., and JetFleet Management Corp. Case No. 21-10636 (___) should be consulted for all matters affecting these cases.

7.  Nothing in the Motion or this Order is intended or shall be deemed or otherwise construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates.

8.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.